UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
TONJA MCGHEE-LEWIS and
ROBERT D. LEWIS,

                Plaintiffs,                          REPORT AND
                                                            RECOMMENDATION
      -against-                                  23 CV 7440 (DG)(RML)

TARGET CORPORATION,

                Defendant.
-----------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated April 19, 2024, the Honorable Diane Gujarati, United States District Judge, referred plaintiffs' motion to remand to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND

        Plaintiff Tonja McGhee-Lewis ("McGhee-Lewis") commenced this personal injury action against Target Corporation ("defendant") on May 5, 2022 in the Supreme Court of the State of New York, Kings County. (See Complaint, dated May 5, 2022, attached as Ex. A to the Notice of Removal, Dkt. No. 1-1; see also Amended Complaint, dated Mar. 6, 2023 ("Am. Compl."), attached as Ex. B to the Notice of Removal, Dkt. No. 1-2.) McGhee-Lewis alleges that she suffered injuries as a result of an incident that occurred on November 14, 2021, due to defendant's negligence in failing to maintain safe conditions at the Target store located at 519 Gateway Drive, Brooklyn, New York. (See Am. Compl. ¶¶ 8, 27, 39, 40.) On April 11, 2023, plaintiff amended her complaint to add her spouse, Robert D. Lewis, to the action as a named plaintiff asserting a claim for loss of consortium. (See Plaintiffs' Motion to Remand to State Court, dated Oct. 27, 2023 ("Pls.' Mot."), Dkt. No. 8, ¶ 6; Declaration of Michael C. Lamendola,

Esq. in Opposition to Plaintiff's Motion to Remand, dated Dec. 29, 2023 ("Lamendola Decl."), Dkt. No. 9, ¶ 10.)

On September 7, 2023, defendant moved for an order requiring plaintiffs to "provide responses to Target's initial discovery demands, including its demand for damages." (Lamendola Decl. ¶ 16.) Plaintiffs addressed those requests in a response where they claimed special damages exceeding $150,000. (See Bill of Particulars, dated Sept. 28. 2023, attached as Ex. M to the Lamendola Decl., Dkt. No. 9-13, ¶ 18; Lamendola Decl. ¶ 17.) Defendant alleges that this was the first notice it received that the amount in controversy exceeded the federal jurisdictional requirement. (Lamendola Decl. ¶ 17.) On October 4, 2023, defendant filed a Notice of Removal on the basis of complete diversity among the parties. (Id. ¶¶ 17, 18.)

Plaintiffs now seek to remand the action to New York State Court. (Pls.' Mot. ¶ 21.) Defendant argues that removal was proper and timely because it "did not receive a writing from plaintiffs confirming that the amount in controversy exceeded the $75,000 threshold until almost a year and half after litigation commenced." (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, dated Dec. 29, 2023 ("Def.'s Mem."), Dkt. No. 9-16, at 1.) Defendant alleges that plaintiffs willfully withheld the amount of damages sought to prevent the removal of the case to federal court. (See id. at 4-11.)

## DISCUSSION

A defendant may remove from state court any civil case over which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A defendant generally may not remove a case "more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c)(1). The proper venue for removal is the "the district court of the United States for the district and division embracing the place where such action is pending." Id. The federal district

court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and are between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Plaintiffs are citizens of New York and defendant is incorporated and has its principal place of business in Minnesota. (See Notice of Removal, dated Oct. 4, 2023, Dkt. No. 1, ¶¶ 4, 5.) Thus, there is "complete diversity" between the parties, and no defendant is a citizen of the state in which the action was brought. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005). Furthermore, the parties do not dispute that the amount in controversy exceeds $75,000. Instead, the parties dispute the timeliness of defendant's removal. (See Lamendola Decl. ¶ 18; Pls.' Mot. ¶ 34.) Defendant argues that plaintiffs failed to specify an amount in controversy in bad faith to prevent removal of the case from state court. (See Lamendola Decl. ¶¶ 11-17.) Plaintiffs argue that defendant had sufficient notice of the amount in controversy and failed to remove the case no later than one year after its commencement, as both complaints contained a sufficient statement of damages. (See Pls.' Mot. ¶¶ 25, 30-34.) Plaintiffs further explain that because they never executed a stipulation to damages sent to them by defendant, defendant again had notice of removability by October 11, 2022. (Id. ¶¶ 4, 31.)

**I.   Timeliness**

A notice of removal of a civil action generally must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he removal clock does not start to run until the

3

plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). Specifically, "the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 145 (2d Cir. 2014).

However, New York Civil Practice Law and Rules § 3017(c) states that "[i]n an action to recover damages for personal injuries or wrongful death, the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Rather, if a plaintiff is to provide the specific amount of damages, the plaintiff must do so in a subsequent document. "Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation." Moltner, 624 F.3d at 38. Nevertheless, under this standard, "defendants must still 'apply a reasonable amount of intelligence in ascertaining removability.'" Cutrone, 749 F.3d at 143 (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001)). "If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." Id. at 143.

Courts in this district have found that the thirty-day removal clock does not begin running when a complaint merely demands judgment "'in an amount that exceeds the jurisdictional limitations of all [other] lower courts[.]'" Brumfield v. Merck & Co., No. 17 CV 6526, 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018); see also Gowerie v. Crown Forklift Co., No. 17 CV 1447, 2017 WL 1331262, at * 2 (E.D.N.Y. Apr. 10, 2017) (plaintiff's claim that he was damaged "in a sum which exceeds the jurisdictional limits of all lower courts which

4

would otherwise have jurisdiction" was not sufficient "to establish that his action involved an amount in controversy adequate to support federal diversity jurisdiction."). Here, plaintiffs' complaint contains the same insufficient allegation of damages.[1] (See Am. Compl. ¶ 50 (claiming damages "in the sum as encompassed by statute and by law as set forth in C.P.L.R. § 3017(c), plus costs and disbursements of this action for all damages as encompassed by this statute and by law set forth under C.P.L.R. § 3017(c), with the provision that the amount of damages sought exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.").

Nevertheless, plaintiffs argue that they "had clearly and plainly rejected a proposed cap on damages at $75,000," of which the defendant had "full, timely, and proper notice" by October 11, 2022, because plaintiffs did not respond to the stipulation to damages, and "[d]efendant stated that [it] would take said non-response . . . as an admission that the amount in controversy exceeded $75,000.00." (Pls.' Mot. ¶¶ 30, 31.) Plaintiffs further argue that "[d]efendant has waived any right to remove this matter" by failing to remove the case within thirty days of Oct. 11, 2022, rendering the removal on Oct. 4, 2023 improper. (Id. ¶ 31.)

While federal courts "allow remands on the basis of plaintiff's stipulations to damages amounts" below $75,000, "the inverse is not true." See CG by Georges v. Target Corp., No. 22 CV 6247, 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022) (quoting Luce v. Kohl's Dep't Stores, Inc., 23 F. Supp. 3d 82, 85 (D. Conn. 2014)). Removals based on diversity jurisdiction may not solely rely on a stipulation as evidence that the amount in controversy

---

[1] As distinguished from Reyes v. Hess Retail Stores LLC, 605 F. Supp. 3d 463, 464-65 (E.D.N.Y. 2022) (holding that a statement that damages "'exceed[] the monetary jurisdictional limits, *including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a),*'" fulfilled Moltner's requirement of an explicit damages specification, and was "no different than alleging 'exceeds $75,000.'") (emphasis added).

5

exceeds the necessary threshold for removals pursuant to 28 U.S.C. § 1441. See id. (citing Price v. Petsmart Inc., 148 F. Supp. 3d 198, 201 (D. Conn. 2015)). Plaintiffs' failure to execute the stipulation to damages by October 10, 2022 may have been "an admission that the damages sum sought was greater than $75,000;" however, defendant would not have been able to rely on this inaction to demonstrate the amount in controversy as the basis for removal under 28 U.S.C. § 1441. (Pls.' Mot. ¶ 4.) Thus, the case was not removable at that date.

Defendant argues that the first document communicating that plaintiffs sought damages in excess of $75,000 was the Bill of Particulars, dated September 28, 2023. (See Def.'s Mem. at 11.) This indeed is the first document that specifically alleges damages in excess of $75,000. (See Bill of Particulars ¶ 18.) It reads that "[p]laintiff estimates the amount of special damages to exceed $150,000.00 and continuing." (Id.) Assuming the thirty-day removal clock began on September 28, 2023, defendant was prompt and timely in filing a notice for removal on October 4, 2023. (See Notice of Removal.)

## II.  Bad Faith

A defendant generally may not remove a case "more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c)(1). This case commenced on May 5, 2022, and notice of removal was filed October 4, 2023, which is in excess of the limitation by approximately five months. (See Complaint; Notice of Removal.) However, for cases removed on the basis of diversity jurisdiction, a defendant may nonetheless successfully remove a case past this limit if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Removal is hindered in bad faith if defendant shows that "the plaintiff deliberately failed to disclose the actual amount in controversy" to this end. 28 U.S.C. § 1446(c)(3)(b).

Courts in the Second Circuit have "granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." Ehrenreich v. Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (citing Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005)). For this assessment, "defendant bears the burden of proving a plaintiff's bad faith conduct by clear and convincing evidence." Mojica v. Walmart Stores E., LP, No. 23 CV 214, 2023 WL 3259983, at *2 (E.D.N.Y. May 4, 2023).

Bad faith is evident where "the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). Courts in the Second Circuit have found bad faith where plaintiffs' attorneys have failed to respond to numerous requests over prolonged periods without explanation. See Mojica, 2023 WL 3259983, at *3 (E.D.N.Y. May 4, 2023) (finding that "[p]laintiff acted in bad faith by deliberately ignoring [d]efendants' damages demands for over a year," where it took plaintiff "nearly 14 months after her initial complaint was filed and pursuant to a state court order" for her to "finally respond[] to Defendants' . . . request and demand[] $5 million in damages."); Ford-Smith v. HMS Host Corp., No. 19 CV 947, 2020 WL 1242394, at *5 (N.D.N.Y. Mar. 16, 2020) (holding that plaintiffs acted in bad faith where they did not explain the failure to respond to defendants' correspondence, consisting of a demand for damages and three follow-up letters, over a period of about seventeen months).

Defendant's first attempt to ascertain damages from plaintiffs' counsel was contained in its discovery demands dated September 30, 2022, which were served in conjunction with its Answer. (See Lamendola Decl. ¶ 5.) Pursuant to N.Y. C.P.L.R. § 3017(c), "defendant

demand[ed] that plaintiffs set forth the total damages to which plaintiffs deem[] themselves entitled within fifteen (15) days from the date hereof." (Demand for Damages, dated Sept. 30, 2022, attached as Exhibit B to the Lamendola Decl., Dkt. No. 9-2, at 30.) Plaintiffs' counsel did not respond to that demand.

On October 3, 2022, defendant's counsel sent plaintiffs' counsel a letter with a stipulation to damages enclosed. (See Pls.' Mot. ¶ 4.) The letter directed plaintiffs to "specify whether her claimed damages exceed $75,000 pursuant to N.Y. C.P.L.R. § 3017(c)," noting that failure to return the signed stipulation by October 10, 2022 would constitute an admission that "the amount in controversy is in excess of $75,000" allowing defendant "no recourse but to remove this matter to Federal Court." (Letter of Michael C. Lamendola, Esq., dated Oct. 3, 2022, attached as Ex. 1 to Pls.' Mot., Dkt. No. 8-1.) Plaintiff did not execute the stipulation. (See Pls.' Mot. ¶ 30.) Defendant followed up to seek a response to its initial demands by sending letters to plaintiffs on November 4, 2022, December 28, 2022, and February 1, 2023, requesting a response to defendant's initial discovery demands from September 30, 2022, as well as a response to the letter sent by defendants on October 3, 2022. (See Lamendola Decl. ¶¶ 6, 8, 11, Exs. C, E.) On February 15, 2023, the New York State Court issued an order instructing the parties to respond to outstanding discovery requests. (Case Scheduling Order, dated Feb. 15, 2023, attached as Ex. F to the Lamendola Decl., Dkt. No. 9-6.)

Following the addition of Mr. Lewis's claim on April 5, 2023, defendant sent a fourth letter on April 7, 2023, "reminding counsel of still outstanding initial discovery requests" and informing plaintiffs that if they alleged an amount of damages greater than $75,000 beyond May 5, 2023, defendants would move for removal on a theory that plaintiffs withheld this information in "bad faith." (Lamendola Decl. ¶ 11.) Plaintiffs then served the Amended

8

Complaint on April 11, 2023, in response to which defendant filed an Amended Answer and "served additional discovery demands in light of the newly added party and cause of action." (Id. ¶¶ 12, 13.) Defendants included a request for a "statement of the amount which is sought in damages with respect to each cause of action alleged in the Complaint," and a demand letter pursuant to N.Y. C.P.L.R. § 3017(c). (Combined Demands, dated May 1, 2023, attached as Ex. I to Lamendola Decl., Dkt. No. 9-9, at 2, 30.)

The New York State Court issued a Central Compliance Part Order on May 25, 2023, and ordered plaintiffs to respond to remaining discovery demands by June 8, 2023. (See Central Compliance Part Conference Order, dated May 25, 2023, attached as Ex. J to the Lamendola Decl., Dkt. No. 9-10.) The order shows that plaintiffs had yet to respond to defendant's demands from September 30, 2022. (See id.) Receiving no response following the court's order, defendant sent a fifth letter to plaintiffs on June 26, 2023. (See Lamendola Decl. ¶ 15.) After further silence, defendant filed a motion dated September 7, 2023, "directing plaintiffs to provide responses to Target's initial discovery demands, including its demand for damages." (Id. ¶ 16.) In the Bill of Particulars dated September 28, 2023, plaintiffs finally "confirmed that the amount in controversy exceeds $75,000," (id. ¶ 17), and quantified "the amount of special damages to exceed $150,000.000 and continuing." (Bill of Particulars, dated Sept. 28, 2023, attached as Ex. M to the Lamendola Decl., Dkt. No. 9-13, ¶ 18.) Then, defendant "promptly filed its Notice of Removal on October 4, 2023." (Id. ¶ 18.)

By not responding to defendant's counsel's demand letters, and numerous disclosure requests over the course of approximately seventeen months, plaintiffs waited to state the amount of damages sought until the State Court ordered them to do so, effectively rendering the case irremovable. Thus, it is reasonable to conclude that plaintiffs' actions were a deliberate

effort to place defendant in a "lose-lose situation by forcing them to file a notice of removal either: (1) within the one-year limit but without knowledge of Plaintiff's actual damages request; or (2) with knowledge of the damages request but outside of the one-year time period." Mojica, 2023 WL 3259983, at *3. Analogous to Ford, plaintiffs have provided no reasoning to support their actions, other than that their silence sufficiently communicated that their damages were in excess of the amount in controversy. See 2020 WL 1242394, at *5 (N.D.N.Y. Mar. 16, 2020); (See Pls.' Mot. ¶ 30.) Plaintiffs argue that "this suit was being appropriately processed in State Court…" and that "[a]ll has been routine and open." (Id. ¶ 23.) Yet, the procedural history indicates that they routinely failed to communicate with defendant and to comply timely with the court's orders.

I find that defendant has presented sufficient evidence that plaintiffs acted in bad faith to conceal their actual damages until the case was no longer removable. Therefore, defendant's removal of the case is acceptable under the 28 U.S.C. § 1446(c)(3)(b) bad faith exception to the one-year limit imposed by 28 U.S.C. § 1446(c)(1), and I respectfully recommend that plaintiffs' motion to remand be denied.

### III. Attorney's Fees

Finally, plaintiffs request attorney's fees and costs incurred by filing the instant motion, pursuant to 28 U.S.C. § 1447(c). (See Pls.' Mot. ¶ 35.) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because I recommend that plaintiffs' motion to remand be denied, I recommend that their request for fees and costs also be denied. See, e.g., Michael J. Redenburg, Esq. PC v. Midvale Indem. Co., 515 F. Supp. 3d 95, 103 (S.D.N.Y. 2021) (denying motion to remand and request for attorney's fees); Star Multi Care

10

Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 294 (E.D.N.Y. 2014) (finding removal was proper and denying motion for attorney's fees.).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion to remand this case to state court and request for attorney's fees be denied.  Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections within the specified time period waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 11, 2024